IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DINO IACULLO, | ) | |
| Reg. No. 30812-004 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  2:11cv207-WKW |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Dino Iacullo ("Iacullo"), a federal inmate incarcerated at Maxwell Federal Prison Camp, contends that the defendants failed to respond to his FOIA request to provide dental and medical records.  The defendants contend that they have provided to Iacullo all the documents he requested.

On August 12, 2011, the defendants filed a motion to dismiss (doc. # 18) with attached exhibits.  Because the motion to dismiss relied on material outside the pleadings, the court construed the motion as and converted it into a motion for summary judgment.  The plaintiff filed a response to the defendants' motion (doc. # 22), and on October 13, 2011, the court heard oral argument on the motion.  At oral argument, the court directed the plaintiff to file a written response describing in as exacting detail as possible, the documents he contends he did not receive from the Bureau of Prisons.  The defendants were then directed to determine

whether those documents existed, and if so, provide them to the plaintiff.  *See* Doc. # 27.

The plaintiff filed a written response on October 20, 2011.  In that response, Iacullo indicated that "if the Defendant's (sic) comply" and provide him with the documents he requested, "there will be no need to proceed to trial."  *See* Doc. # 28 at 3, ¶ 3.  On November 22, 2011, the court ordered the parties to show cause why this case should not be dismissed as moot.  (Doc. # 29).

Iacullo filed a response in which he concedes that "many other documents that [he] was seeking were not on file or just did not exist," and he "now contend[s] that this matter does not have to go to trial." (Doc. # 30, Ex. A).  "If a person receives all the information that he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought."  *Von Grabe v. United States Dep't of Homeland Sec.*, 440 Fed. Appx. 687, 688 (11th Cir. 2011).   *See also Lovell v. Alderete*, 630 F.2d 428, 430 (5th Cir. 1980).[1]  Because Iacullo now has all the documents he sought that exist, his FOIA claims are due to be denied as moot.

Iacullo also seeks to have costs paid by the defendants.  The plaintiff is not entitled to costs under FOIA unless he can demonstrate that he "substantially prevailed" on his claims. 5 U.S.C. § 552(a)(4)(E)(i).  *See also Lovell*, *supra*; *Chilivis v. S.E.C.*, 673 F.2d 1205, 1212 (11th Cir. 1982) Under he FOIA, a plaintiff has "substantially prevailed"  if he "has

---

[1]*See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

obtained relief through either – (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 522(a)(4)(E)(ii).  Iacullo has not obtained a judicial order nor have the parties entered into a settlement agreement or consent decree.  Consequently, Iacullo can only obtain costs if he can establish that his "lawsuit provided the necessary impetus for disclosure."  *Chilivis*, 673 F.2d at 1212.  This he has failed to do.  "The  mere fact that the information sought was not released until after the suit was instituted without more is insufficient to establish that [Iacullo] 'substantially prevailed'" in this action.  *Lovell*, 630 F.2d at 432.  While Iacullo received documents after this suit was initiated, he also received some documents before litigation ensued.  Consequently, Iacullo cannot demonstrate that this action was the impetus for the release of documents.  Accordingly, the court concludes that Iacullo has failed to demonstrate that he substantially prevailed on his claims, and thus, he is not entitled to costs.

## CONCLUSION

For the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED as moot.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 25, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of January, 2012.


                    /s/Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE