IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DINO IACULLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:11-CV-207-WKW |
| | ) [WO] |
| UNITED STATES DEPARTMENT | ) |
| OF JUSTICE and FEDERAL | ) |
| BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 11, 2012, the Magistrate Judge filed a Report and Recommendation (Doc. # 33) regarding Plaintiff's Freedom of Information Act ("FOIA") claims. Plaintiff filed a timely objection (Doc. # 34), to which Defendants filed a response (Doc. # 38). The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the objection is due to be overruled and the Recommendation adopted.

First, Plaintiff objects to the Magistrate Judge's recommendation that this case be dismissed as moot. (Pl.'s Obj. 2.) Plaintiff argues that this case is not moot because he "has not received all of his requested records/documents sought through his FOIA request" (Pl.'s Obj. 3), in particular, his requested medical and dental records (Pl.'s Obj. 2). Plaintiff further argues that Defendants have failed to

demonstrate that they have conducted an adequate search for his requested documents.[1]  (Pl.'s Obj. 3.)

Under FOIA, an "agency must show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990) (citations and internal quotation marks omitted), *rev'd on other grounds*, 502 U.S 164 (1991); *see also Karantsalis v. U.S. Dep't of Justice*, 635 F.3d 497, 500 (11th Cir. 2011) (affirming the use of the standard articulated in *Ray*).  To provide evidence of the reasonableness of its search, an agency may submit an affidavit from an agency official that is "relatively detailed, nonconlusory, and submitted in good faith."  *Karantsalis*, 635 F.3d at 500 (quoting *Ray*, 908 F.2d at 1558).

Defendants submitted a declaration by the FOIA administrator for the Southeast Regional Office of the Bureau of Prisons ("BOP").  (Decl. of Christine Greene (Ex. 7 to Doc. # 18).)  The court finds that the declaration is detailed, nonconclusory, and submitted in good faith.  The declaration describes the process in which the BOP handles FOIA requests, and the FOIA administrator avers that she followed this

---

[1] Plaintiff challenges the adequacy of Defendants' search for the first time in his objection.  "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  The argument is due to be rejected as untimely, and, alternatively, on the merits.

2

process. (Decl. of Christine Greene ¶¶ 8–9.) BOP directives require prisoner medical and dental records to be maintained together at the institution to which the prisoner is assigned. (*See* BOP Directives (Exs. 1–2 of Doc. # 38).) The FOIA administrator requested Plaintiff's medical and dental records from Maxwell Federal Prison Camp, which is where Plaintiff is incarcerated. (Decl. of Christine Greene ¶ 9.) The FOIA administrator avers that these records were sent to Plaintiff on December 21, 2010. (Decl. of Christine Greene ¶ 11; *see also* BOP's Letter to Pl. (Ex. 4 to Doc. # 18).) On November 22, 2011, Defendants also gave Plaintiff the opportunity to review his entire BOP medical and dental files. (Def.'s Resp. to Order to Show Cause ¶ 3 (Doc. # 31).) Thus, on this evidence, Defendants have satisfied their burden of proving that their search was reasonable.

Because Defendants have satisfied their burden, the burden shifts to Plaintiff to "rebut [Defendants'] evidence by showing that the search was not reasonable or was not conducted in good faith." *Ray*, 908 F.2d at 1558. Plaintiff does not provide any evidence to show that Defendants' search was unreasonable or not conducted in good faith. Plaintiff admitted that, during a search of his medical records with the Maxwell Federal Prison Camp Medical Records Clerk, he discovered that "many other documents that [he] was seeking were not on file or just did not exist." (Pl.'s Letter to Defs. (Ex. A to Doc. # 30).) The fact that some of Plaintiff's requested documents

may be missing or were never created does not rebut the evidence provided by Defendants. *See Ray*, 908 F.2d at 1559 (An agency "is not required by [FOIA] to account for documents which the requester has in some way identified if it has made a diligent search . . .; it is not necessary to create a document that does not exist in order to satisfy a [FOIA] request." (citations and quotations omitted)).  Furthermore, Plaintiff does not provide and the court is unaware of any legal authority that would require the BOP to give Plaintiff "consent [or] affirmation from the records clerk that the documents [he] seek[s] are not on file or should have been on file." (Pl.'s Letter to Defs. (emphasis omitted).)

Additionally, Plaintiff's argument that he has had to seek "other means to obtain the requested documents" does not render Defendants' search unreasonable or show a lack of good faith.  (Pl.'s Obj. at 3.)  Under FOIA, an agency is not required to "exhaust all files which conceivably could contain relevant information." *Ray*, 908 F.2d at 1558–59.  As stated above, Defendants conducted a reasonable search and even allowed Plaintiff the opportunity to review his own medical and dental files. Plaintiff fails to show a genuine issue of material fact as to the reasonableness of the search for responsive records or Defendants' good faith in conducting the search and providing responsive records, and summary judgment is due to be entered in Defendant's favor. *Delvecchio v. Internal Revenue Serv.*, 360 F. App'x 104, 108

4

(11th Cir. 2010) (*per curiam*) (affirming a district court's grant of summary judgment where the agency "submitted an uncontradicted declaration demonstrating that it followed standard procedures in responding to [the FOIA] request and that it provided [the requesters] with all the responsive documents that it located" and where the requesters "provided nothing more than unsupported conclusory assertions to show that the [agency's] search was unreasonable or conducted in bad faith").  Because the unrebutted evidence demonstrates that all documents have been released to Plaintiff or "cannot be located after a search of the most likely locations," the case must be dismissed as moot.  *Bonilla v. U.S. Dep't of Justice*, No. 11-20450-Civ., 2012 WL 204202, at *2 (S.D. Fla. Jan. 24, 2012); *see also Von Grabe v. U.S. Dep't of Homeland Sec.*, 440 F. App'x 687, 688 (11th Cir. 2011) ("If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought.").

Second, Plaintiff objects to the Magistrate Judge's recommendation that he is not entitled to costs.  (Pl.'s Obj. 4.)  Plaintiff asserts that he is entitled to costs because Defendants did not provide Plaintiff with the requested records/documents until after he filed suit.[2]  (Pl.'s Obj. 4.)  However, Defendants submitted evidence indicating that they sent Plaintiff documents that were responsive to his FOIA request on December

---

[2] Plaintiff filed suit on March 18, 2011.

21, 2010. (BOP's Letter to Pl.; Decl. of Christine Greene ¶ 11.) This is confirmed by Plaintiff's January 11, 2011 FOIA Appeal Letter, in which he stated that he "received a partial response to [his] request." (Ex. 5 to Doc. # 18.) Thus, the court agrees with the Magistrate Judge that Plaintiff "cannot demonstrate that this action was the impetus for the release of documents," and that Plaintiff is not entitled to costs. (Doc. # 33, at 3.)

Accordingly, it is ORDERED that:

1. Plaintiff's objection (Doc. # 34) is OVERRULED;

2. the Recommendation of the Magistrate Judge (Doc. # 33) is ADOPTED; and

3. this case is DISMISSED as moot.

A separate final judgment will be entered.

DONE this 20th day of March, 2012.

                                                    /s/ W. Keith Watkins  
                                      CHIEF UNITED STATES DISTRICT JUDGE